UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ANTHONY VASSALLO, KENNETH KENITZER, and EQUITY INVESTMENT MANAGEMENT AND TRAINING, INC.,

    Defendants.
_____/

NO. CIV. S-09-0665 LKK/DAD

O R D E R

    This matter came before the Court on the ex parte application of plaintiff Securities and Exchange Commission ("Commission") for a temporary restraining order. The Court has received and considered the Commission's complaint, application, memorandum of points and authorities, the declarations of Ethan Conrad, Dan E. Redfearn, Mark Siska, and Monique C. Winkler, and all exhibits attached to those declarations, and all other submissions, written or oral.

    Good cause appearing, the Court finds:

1

1. This Court has jurisdiction over the parties and the subject matter of this action, pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)], Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Sections 209 and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9 and 80b-14].

2. This District is an appropriate venue for this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b 14].

3. The Commission has demonstrated a likelihood of success on the merits of its action.

4. Good cause exists to believe that immediate and irreparable injury will occur with respect to EIMT's assets, including those held by each individually and those they hold jointly, which would adversely affect the ability of the Court to grant final effective relief in equity and at law, unless EIMT is immediately restrained and enjoined from controlling those assets and EIMT is required to account to the Court for those assets.

5. Good cause exists to believe that there is an immediate and irreparable risk of injury to or loss of EIMT's records, unless EIMT is immediately restrained and enjoined from destroying them.

Therefore,

I.

IT IS ORDERED THAT defendant EIMT and its respective officers,

agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, funds, assets, securities, claims, or other property, wherever located, in their possession or under their control, including but not limited to the assets in accounts owned, controlled, or opened for its benefit at the following financial institutions and brokerage firms:

1. Bank of Commerce Holdings
2. TradeStation Securities, Inc.
3. Wells Fargo Bank, N.A.

## II.

IT IS FURTHER ORDERED THAT an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution, or brokerage firm holding accounts in the name of, for the benefit of, or under the control of defendant EIMT, and that all banks, financial institutions, and brokerage firms holding such accounts shall not permit transactions in such accounts without further order of the Court.

## III.

IT IS FURTHER ORDERED THAT defendant EIMT and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive

actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, computers, hard drives, flash drives, computer programs, computer files, databases, electronic data, computer printouts, books, records, account statements, correspondence, memoranda, e mail, or any other materials of any kind in their possession, custody, or control, however created, produced, or stored, that relate to any of the matters raised in this proceeding.

IT IS SO ORDERED.

DATED: March 11, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT