MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  mitchellr@sec.gov
JENNIFER L. SCAFE (Cal. Bar No. 194649)
  scafej@sec.gov
MONIQUE C. WINKLER (Cal. Bar. No 213031)
  winklerm@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:09-CV-00665-LKK-DAD |
| Plaintiff, | PRELIMINARY INJUNCTION AGAINST EQUITY INVESTMENT MANAGEMENT AND TRADING, INC. |
| v. | |
| ANTHONY VASSALLO, KENNETH KENITZER and EQUITY INVESTMENT MANAGEMENT AND TRADING, INC., | |
| Defendants. | |

SEC v. Vassallo, et al.
Case No. 2:09-CV-00665-LKK-DAD

[PROPOSED] PRELIMINARY INJUNCTION AGAINST EQUITY INVESTMENT MANAGEMENT AND TRADING, INC.

PDF created with pdfFactory trial version www.pdffactory.com

1    This matter came before the Court on the *ex parte* application of plaintiff Securities and
2    Exchange Commission ("Commission") for a temporary restraining order and an order to show
3    cause why a preliminary injunction should not issue. The Court has received and considered the
4    Commission's complaint, application, memorandum of points and authorities, the declarations of
5    Ethan Conrad, Dan E. Redfearn, Mark Siska, and Monique C. Winkler, and all exhibits attached
6    to those declarations, and all other submissions, written or oral.

     Defendant Equity Investment Management and Trading, Inc. entered no opposition to the
     application for a temporary restraining order and did not respond to the order to show cause.

     Good cause appearing, the Court finds:

     1.   This Court has jurisdiction over the parties and the subject matter of this action,
     pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C.
     §§ 77t(b) and 77v(a)], Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934
     ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Sections 209 and 214 of the
     Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9 and 80b-14].

     2.   This District is an appropriate venue for this action pursuant to Section 22 of the
     Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and
     Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

     3.   The Commission has demonstrated a likelihood of success on the merits of its
     action.

     4.   Good cause exists to believe that defendant Equity Investment Management and
     Trading, Inc. ("EIMT") has engaged in, is engaging in, and is about to engage in transactions,
     acts, practices, and courses of business which constitute and will constitute violations of
     Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act
     [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

     5.   Good cause exists to believe that EIMT will continue to engage in such acts and
     practices and in such violations of the statutes and rules set forth above to the immediate and

PDF created with pdfFactory trial version www.pdffactory.com

irreparable loss and damage to investors and to the general public unless restrained and enjoined by order of this Court.

6. Good cause exists to believe that immediate and irreparable injury will occur with respect to EIMT's assets which would adversely affect the ability of the Court to grant final effective relief in equity and at law, unless EIMT is immediately restrained and enjoined from controlling those assets and EIMT is required to account to the Court for those assets.

7. Good cause exists to believe that there is an immediate and irreparable risk of injury to or loss of EIMT's records, unless EIMT is immediately restrained and enjoined from destroying them.

8. Good cause exists to permit immediate discovery by the parties under the Federal Rules of Civil Procedure.

Therefore,

## I.

IT IS HEREBY ORDERED THAT defendant EIMT and it officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

    A. employing any device, scheme, or artifice to defraud; or

    B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

PDF created with pdfFactory trial version www.pdffactory.com

II.

IT IS FURTHER ORDERED THAT defendant EIMT and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

III.

IT IS FURTHER ORDERED THAT defendants EIMT and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, funds, assets, securities, claims, or other property, wherever located, in their possession or under their control, including but not limited to the assets in accounts owned, controlled, or opened for his benefit at the following financial institutions and brokerage firms:

    1.    Bank of Commerce Holdings

    2.    TradeStation Securities, Inc.

    3.    Wells Fargo Bank, N.A.

PDF created with pdfFactory trial version www.pdffactory.com

## IV.

IT IS FURTHER ORDERED THAT an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution, or brokerage firm holding accounts in the name of, for the benefit of, or under the control of defendant EIMT and that all banks, financial institutions, and brokerage firms holding such accounts shall not permit transactions in such accounts without further order of the Court.

## V.

IT IS FURTHER ORDERED THAT defendant EIMT is required, within 21 days of this Order, to submit to the Court a verified accounting, identifying: (i) the location and disposition of all funds received from investors; (ii) the location and disposition of all accounts controlled by Vassallo or held for his benefit; and (iii) the location and value of all investor, as well as personal or other, assets currently held by Vassallo, or under Vassallo's control, or over which he may exercise actual or apparent authority.

## VI.

IT IS FURTHER ORDERED THAT defendant EIMT and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, computers, hard drives, flash drives, computer programs, computer files, databases, electronic data, computer printouts, books, records, account statements, correspondence, memoranda, e-mail, or any other materials of any kind in their possession, custody, or control, however created, produced, or stored, that relate to any of the matters raised in this proceeding.

SEC v. VASSALLO, ET AL.
CASE NO. 2:09-CV-00665-LKK-DAD

4

[PROPOSED] PRELIMINARY INJUNCTION AGAINST EQUITY INVESTMENT MANAGEMENT AND TRADING, INC.

PDF created with pdfFactory trial version www.pdffactory.com

IX.

IT IS FURTHER ORDERED THAT the parties may immediately take discovery by any means authorized under the Federal Rules of Civil Procedure.

Date: March 23, 2009

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

Presented by:

*/s/ Robert L. Mitchell*
Robert L. Mitchell

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

PDF created with pdfFactory trial version www.pdffactory.com