UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br>　v.<br><br>ANTHONY VASSALLO, KENNETH KENITZER and EQUITY INVESTMENT MANAGEMENT AND TRADING, INC.,<br><br>　　　　Defendants. | Case No.2:09-CV-00665-LKK-DAD<br><br>ORDER APPOINTING TEMPORARY RECEIVER FOR EQUITY INVESTMENT MANAGEMENT AND TRADING, INC. AND ORDER TO SHOW CAUSE FOR APPOINTMENT OF PERMANENT RECEIVER |

SEC v. Vassallo, et al.  
Case No. 2:09-CV-00665-LKK-DAD

ORDER ON PLTF'S. MOTION TO  
APPOINT RECEIVER FOR DFDT. EIMT

This matter came before the Court on the motion of plaintiff Securities and Exchange Commission ("Commission") for appointment of a temporary receiver for defendant Equity Investment Management and Trading, Inc. and an order to show cause why a permanent receiver should not be appointed. The Court has received and considered the Commission's motion, memorandum of points and authorities and the accompanying declaration of Robert L. Mitchell in support of the Commission's motion.

BEING SO ADVISED, THE COURT FINDS THAT:

I. Good cause exists to appoint a temporary receiver for defendant Equity Investment Management and Trading, Inc. ("EIMT").

II. The temporary receiver shall be Stephen Anderson, P.O. Box 587, Alamo, California 94507.

III. The receiver is hereby authorized, empowered and directed to:

    A. Take and retain immediate possession, custody and control of all assets and property and the books and records of EIMT;

    B. Take all steps the receiver deems necessary to secure and protect the assets and property of EIMT, including but not limited to the premises, files and information systems;

    C. Engage and employ persons, following Court approval in accordance with Local Rule 66-232(g), to assist the receiver in carrying out its duties and responsibilities herein, including accountants, attorneys and experts;

    D. Acquire and retain all rights and powers which EIMT has to manage, control, operate and maintain its business (including but not limited to the power to direct, hire, suspend and terminate the employment of personnel and the exclusive authority to make expenditures on behalf of EIMT), and to possess, receive or use income, earnings, rents and

profits, with the full power to commence, maintain, defend or participate in legal proceedings, to sue for, collect, receive and take into possession all goods, chattels, rights, general intangibles, choses in action, credits, monies, effects, lands, books and records of account, and other papers and data bases, with a view to preventing loss, damage, and injury to EIMT investors, and preserving the assets and records of EIMT;

E. Notwithstanding the asset freeze ordered by this Court over the assets of EIMT, the receiver shall have the power to take control of, and be added or substituted as signatory, on all accounts at any bank, financial institution or brokerage firm which has possession, custody or control of any assets or property of EIMT; such power to include, without limitation, the power to open and close bank or securities accounts of EIMT and to execute checks or otherwise disburse money from such accounts on behalf of EIMT to pay its obligations in the normal course of business; except, however, that pending further order of this Court, neither EIMT nor the receiver shall make any payments to any person or entity that provided funds to EIMT for the purpose of investing in securities. In accordance with Local Rule 66-232(i), all funds obtained by the receiver in his capacity as receiver shall be deposited with the financial institution(s) identified in this paragraph: Bank of America Corporation or Wells Fargo & Company;

F. Immediately report to the Commission any transactions by EIMT after the date of this Order that appear not to be in the normal course of business;

G. File, if appropriate, for relief and protection under the Federal bankruptcy Code, on behalf of EIMT, after notice to all parties in this action;

H. Make an accounting of the assets, liabilities and financial condition of EIMT as of the date of this Order, including the following information:

1. The amount of cash on hand;

2. The total amounts owed to EIMT from any source. The accounting shall include, to the extent possible, the following details as to each of the amounts owed:

   (a) the name of the person or entity owing payments to EIMT;

   (b) a list of all payments, including the date of origin of the payment, the amount of principal and interest due on the payment, and the dates that such principal and interest payments are due;

   (c) the dates and amounts of any funds collected from any of the listed persons or entities owing payments to EIMT;

   (d) the location and amount of any deposits or any payments made to EIMT in connection with the amounts owed;

   (e) the disposition, use and location of any funds received; and

   (f) the location, title and value of all real property in which EIMT has an actual or beneficial interest, including

identification of all mortgages, loans and encumbrances on each property;

3. The total amount owed by EIMT to each person or entity that provided funds to EIMT for the purpose of investing in securities, as of the close of business on the date of this Order. The accounting shall include, to the extent possible, the following information:

    (a) the name of the investor to whom payments are owed;

    (b) the date upon which the obligation to the investor arose;

    (c) the amount of principal and interest, if any, owed to the investor and the dates upon which payments are due; and

    (d) the dates, amounts and sources of any funds previously paid by EIMT to the investor;

4. All amounts owed by EIMT to any person or entity, aside from those persons or entities who provided funds to EIMT for the purpose of investing in securities, including:

    (a) the name of the person or entity to whom payments are owed;

    (b) the date upon which the obligation arose;

    (c) the amount of principal and interest, if any, owed and the dates upon which payments are due; and

    (d) the dates, amounts and sources of any funds previously paid by EIMT to the person or entity;

5. All other income or expenses of EIMT;

I. Report to the Court and the parties by June 26, 2009, subject to such reasonable extensions as the Court may grant, the following information for EIMT:

  1. all assets, liabilities, money, funds, securities and real or personal property currently held directly or indirectly for the benefit of EIMT as of the date of the accounting, including but not limited to bank accounts, brokerage accounts, investments, business interests, and real and personal property, wherever situated, and identifying and describing each asset and liability, its current location and amount;

  2. all assets, liabilities, money, funds, securities and real or personal property currently held directly or indirectly for the benefit of EIMT, at any time prior to the date of the accounting, including but not limited to bank accounts, brokerage accounts, investments, business interests, and real and personal property, wherever situated, and describing the source, amount, disposition and current location of each of the items listed;

  3. the names, last known addresses and account-identifying information of all financial institutions, securities brokerages, bailees, creditors and other persons or entities that are currently holding any money assets, funds, securities, or real or personal property for the direct or indirect benefit of EIMT;

J. Take possession of and monitor all mail of EIMT; and

K. Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application.

IV. IT IS ORDERED THAT the receiver shall post bond or security in the amount of $50,000, and EIMT shall pay the reasonable costs and expenses thereof.

V. IT IS ORDERED THAT EIMT shall pay the reasonable costs, fees and expenses of the receiver incurred in connection with the performance of its duties described herein, including but not limited to the reasonable costs, fees and expenses of all persons who may be engaged by the receiver to assist in the carrying out of the receiver's duties and obligations. All requests for payment of costs, fees and expenses of the receiver and those employed by the receiver shall be made by application to the Court, setting forth in reasonable detail the nature of any such costs, fees and expenses. Upon approval of any such applications, the receiver may pay itself and those employed by the receiver from the assets of EIMT.

VI. IT IS ORDERED THAT the receiver and all persons the receiver may engage or employ to assist in carrying out the receiver's duties and obligations shall not be liable for any act of omission of the receiver or such person, respectively, or any of their partners, employees, or agents, unless it shall be proven that the receiver or such other person acted, omitted to act, in bad faith. This provision shall apply to claims based on conduct during the term of any agreement that may be entered into between the receiver and any other person who may be engaged or employed by the receiver, even if such claims are filed after the termination of any such agreement.

VII. IT IS ORDERED THAT EIMT shall indemnify, defend and hold harmless the receiver, the receiver's firm and the receiver's agents, employees, consultants, successors and assigns from and against all actions (pending or threatened and whether at law or equity in any forum), liabilities, damages, losses, costs and expenses, including but not limited to reasonable attorneys and other professional fees, arising acts or omissions of the receiver or the receiver's law firm, agents, employees and consultants under the terms of this Order.

VIII. IT IS ORDERED THAT, subject to all rights and privileges available under the law, EIMT, its officers, directors, agents, servants, employees and attorneys-in-fact and its controlled, related or affiliated entities shall:

    A. Provide to the receiver all information requested relating to the past and present operations, activities and condition of EIMT and shall take no action, directly or indirectly, to hinder, obstruct, delay or otherwise interfere in any manner with the actions of the receiver or any other person engaged or employed by the receiver to assist in carrying out the receiver's duties and obligations herein; and

    B. Provide to the receiver forthwith access to and a written description (including the location) of all documents within EIMT's current possession, custody or control, including but not limited to:

        1. all lists, files and data bases of EIMT, including all records of any contracts between EIMT and any other person or entity;

        2 all accounting and financial books and records of original entry and, as requested by the receiver, all supporting documentation and the names of all persons making entries in each such book or record;

        3. all tax returns filed by EIMT and all records of payments made and information reported to the Internal Revenue Service;

///

///

IX.     IT IS FURTHER ORDERED THAT EIMT appear before the Court on August 3, 2009 at 10:00 a.m., to show cause why a permanent receiver should not be appointed for EIMT, as sought by the Commission.  EIMT may file and serve a written opposition not later than July 20, 2009.  The Commission may file and serve a reply memorandum not later than July 27, 2009.  Service of these papers shall be made on the date they are filed with the Court by facsimile, overnight mail (morning delivery) or personal service.

DATED: April 29, 2009

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT