FUTTERMAN DUPREE DODD CROLEY MAIER LLP
JAMIE L. DUPREE (158105)
JAIME E. GODIN (233187)
180 Sansome Street, 17th Floor
San Francisco, CA 94104
Telephone:  (415) 399-3840
Facsimile:  (415) 399-3838
jdupree@fddcm.com
jgodin@fddcm.com

*Attorneys for Receiver*
Stephen E. Anderson

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*<br><br>v.<br><br>ANTHONY VASSALLO, et al,<br><br>*Defendants.* | Case No. CV 09-000665 LKK-DAD<br><br>**ORDER ESTABLISHING A STANDARD SUMMARY PROCEEDING PROCEDURE FOR RECEIVER'S PURSUIT OF EQUITY INVESTMENT MANAGEMENT AND TRADING, INC.'S ASSETS**<br><br>**Judge Lawrence K. Karlton** |

On April 30, 2009, this Court filed the Order Appointing Temporary Receiver for Equity Investment Management and Trading, Inc. ("EIMT") and Order to Show Cause for Appointment of Permanent Receiver ("OAR"), and on July 31, 2009, the Court filed an Order permanently appointing Receiver.  Pursuant to the OAR, for good cause shown, and in order to empower and authorize the Receiver to carry out his duties and obligations,

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

The EIMT receivership estate has limited resources.

In order to marshal and recover EIMT assets in an expeditious and cost-effective manner, good cause exists to establish a standard expedited summary proceeding through which Receiver may pursue the disgorgement of EIMT receivership assets.

PDF created with pdfFactory trial version www.pdffactory.com

Accordingly, the Court establishes the following expedited summary proceeding procedure for disgorgement claims for EIMT assets similar to the Court's regular civil motion procedure:

- To obtain a ruling concerning the disgorgement of a receivership asset, Receiver shall file a noticed motion for disgorgement and proposed order in compliance with the motion procedures set forth in Local Rule 78-230.  Specifically, Receiver shall serve the moving papers seeking disgorgement on all interested parties by mail or electronic service at least 31 days in advance of a noticed hearing date or at least 28 days after personal service, and shall serve a copy of this Order with those moving papers.
- Interested parties will have an opportunity to oppose the requested disgorgement by filing an opposition brief not less than fourteen days before the date of the hearing.
- Upon a showing of good cause, the Court may order limited discovery concerning the particular asset.
- Receiver shall be permitted an opportunity to reply not less than five days before date of the hearing as originally noticed or as continued.
- If Receiver's service of the moving papers is by personal service or mail, he shall file his proof of service of the same not less than five days before the date of hearing as originally noticed or as continued.
- All interested parties will be provided the opportunity for oral argument at the noticed hearing unless the Court deems it appropriate to rule on the papers alone.
- In the event that the Court determines there is a disputed issue(s) of fact concerning disgorgement of a particular asset, the Court shall set an evidentiary hearing to resolve the issue(s).

The foregoing procedure provides sufficient due process to interested parties by providing

//

//

PDF created with pdfFactory trial version www.pdffactory.com

adequate notice and an opportunity to be heard prior to any disgorgement order and permits an interested party to obtain limited discovery upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: August 20, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

PDF created with pdfFactory trial version www.pdffactory.com