1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

SECURITIES AND EXCHANGE
10 COMMISSION,

                                   NO. CIV. S-09-0665 LKK/DAD
11       Plaintiff,

12    v.

                                      O R D E R
13 ANTHONY VASSALLO, KENNETH
KENITZER, and EQUITY
14 INVESTMENT MANAGEMENT AND
TRAINING, INC.,

15

16       Defendants.

17 _____/
ARCANUM EQUITY FUND, LLC and
18 VESTIUM MANAGEMENT GROUP, LLC,
parties in interest.
19 _____/

20      On July 31, 2009, this court appointed a permanent Receiver

21 to marshal and recover Equity Investment Management and Trading,

22 Inc. ("EIMT") assets. On August 20, 2009, this court established

23 a standard for summary proceedings for the recovery of EIMT assets

24 by the Receiver. Pursuant to this procedure, the Receiver has moved

25 for the disgorgement of funds from Arcanum Equity Fund, LLC

26 ("Arcanum") and Vestium Management Group, LLC and/or Vestium

                              1

Management Group, LLC (collectively "Vestium"). Both parties oppose the motion.

**I. BACKGROUND**

This court appointed a Receiver to recover assets of EIMT. These assets are to be distributed to allegedly defrauded investors of EIMT. Here, the interested parties contest not whether the court should order disgorgement of funds, but rather the amount of funds to be disgorged. Specifically, the Receiver claims that Arcanum and Vestium should disgorge $2,403,197.41 and Arcanum and Vestium argue that the proper amount is $265,568.22. Most of the discrepancy in the amounts derives from a conflict between the profits Arcanum and Vestium reported and Arcanum's and Vestium's current assertions of losses.

The remaining cause for the vastly different amounts of money the Receiver and Arcanum and Vestium believe they owe EIMT is the significance of alleged actions taken by defendant Vassallo. Specifically, Vassallo signed a release that states, "In consideration of the sum $1,200,000.00 (One Million Two Hundred Thousand USD) received from Vestium, remitted to Veritas . . . no later than January 13, 2009 . . . Veritas and EIMT release and discharge Vestium and Arcanum . . . from all debts . . . ." Exhibit D to Opposition. Additionally, Arcanum and Vestium have presented some evidence that Vassallo instructed them to wire $972,000 to Phlorian Racing and the Spirit Foundation as partial redemption of a $1,330,000 loan.

## II. STANDARD OF REVIEW

On August 20, 2009, the court issued an order establishing a standard summary proceeding procedure for Receiver's recovery of EIMT's assets. Doc. No. 116. This order set forth the procedure for disgorgement claims for these assets. First, the Receiver shall file a noticed motion for disgorgement and serve said motion upon all interested parties. Interested parties may file an opposition brief, in response to which the Receiver may file a reply brief. The order also provides that, "Upon a showing of good cause, the Court may order limited discovery concerning the particular asset."

Additionally, if "the Court determines there is a disputed issue(s) of fact concerning the disgorgement of a particular asset, the Court shall set an evidentiary hearing to resolve the issue(s)." According to this standard, the court may only grant a motion for disgorgement where material facts are in dispute if the record as a whole could not lead a rational trier of fact to find that the assets at issue are not held in constructive trust for EIMT, or more specifically, for the receivership of EIMT assets. This cannot be decided based upon whether an interested party acted in good faith in its communications with the Receiver.[1] When the Receiver cannot meet this burden, the court shall order an evidentiary hearing to resolve any disputed facts.

---

[1] The court notes that the court may consider whether an interested party acted in good faith when determining whether there is good cause for discovery.

3

## III. ANALYSIS

Parties contest numerous questions of fact. Mainly, they contest the amount of money Vestium and Arcanum owe EIMT. Accordingly, the court orders an evidentiary hearing to resolve these issues. First, the hearing will address whether there was consideration for the release signed by Vassallo. Second, the hearing will address whether Vassallo was the authorized agent for the EIMT subfunds at the time the release was entered and at the time that $972,000 was allegedly wired to Phlorian Racing and the Spirit Foundation. Thirdly, the hearing will address the amount of money owed to EIMT in light of both the previous two questions and the issues of reported profits and actual losses raised in parties' briefs. Finally, the hearing will address any remaining factual disputes identified by the parties as to the amount of EIMT assets Arcanum and Vestium must disgorge to the Receiver.

## IV. CONCLUSION

For the foregoing reasons, the court orders that the evidentiary hearing is referred to Magistrate Judge Dale A. Drozd pursuant to Local Rule 302(a). Judge Drozd will confer with Vestium, Arcanum, Michael Callahan,[2] and the Receiver, and

---

[2] The court is also ordering an evidentiary hearing on the motion to order disgorgement of $2.0 million transferred to Michael Callahan ("Callahan") and Matthew Tucker, Doc. No. 172. Callahan opposed this motion. As here, the court cannot resolve the motion without an evidentiary hearing. The transactions at issue in Callahan are somewhat related to those at issue here. For these reasons, Judge Drozd shall confer with parties for both motions and determine at his discretion whether to hold separate or combined evidentiary hearings.

1 | set a date and time for the hearing or hearings as well as

2 | entertain any motions demonstrating good cause to conduct

3 | limited discovery.

4 |     IT IS SO ORDERED.

5 |     DATED:  December 11, 2009.

6 |

7 |

8 |                                   LAWRENCE K. KARLTON
                                      SENIOR JUDGE

9 |                                   UNITED STATES DISTRICT COURT

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |