MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
   mitchellr@sec.gov
MONIQUE C. WINKLER (Cal. Bar. No 213031)
   winklerm@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>ANTHONY VASSALLO, KENNETH KENITZER and EQUITY INVESTMENT MANAGEMENT AND TRADING, INC.,<br><br>Defendants. | Case No.2:09-CV-00665-LKK-DAD<br><br>JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT ANTHONY VASSALLO |

The Securities and Exchange Commission ("Commission") having filed a Complaint in this matter and defendant Anthony Vassallo ("Defendant" or "Vassallo") having entered a general appearance and executed a Consent of Defendant Anthony Vassallo to Judgment of Permanent Injunction and Other Relief ("Consent"), in which among other things, Defendant consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations in the Complaint

SEC v. Vassallo, et al.                              1          [PROPOSED] JUDGMENT OF PERMANENT
Case No. 2:09-CV-00665-LKK-DAD                          INJUNCTION AND OTHER RELIEF AGAINST
                                                                     DEFENDANT ANTHONY VASSALLO

PDF created with pdfFactory trial version www.pdffactory.com

(except as to jurisdiction, which Defendant admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS ORDERED THAT Vassallo and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

A. employing any device, scheme, or artifice to defraud; or

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

## II.

IT IS FURTHER ORDERED THAT Vassallo and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme, or artifice to defraud;

PDF created with pdfFactory trial version www.pdffactory.com

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

III.

IT IS FURTHER ORDERED THAT Vassallo and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by use of any means or instrumentality of intestate commerce:

A. employing any device, scheme, or artifice to defraud any client or prospective client; or

B. engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

while engaged in the business of advising others for compensation as to the advisability of investing in, purchasing, or selling securities, in violation of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

IV.

IT IS FURTHER ORDERED THAT Vassallo and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by use of any means or

PDF created with pdfFactory trial version www.pdffactory.com

instrumentality of intestate commerce, engaging in any act, practice, or course of business which is fraudulent, deceptive or manipulative, while acting as an investment adviser to any pooled investment vehicle, in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Advisers Act Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon motion by the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalties.  If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement, prejudgment interest and/or civil penalties, and at any hearing held on such a motion, Defendant may defend against the motion except that: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement, prejudgment interest and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

SEC v. VASSALLO, ET AL.
CASE NO. 2:09-CV-00665-LKK-DAD                    4                    [PROPOSED] JUDGMENT OF PERMANENT
                                                                        INJUNCTION AND OTHER RELIEF AGAINST
                                                                             DEFENDANT ANTHONY VASSALLO

PDF created with pdfFactory trial version www.pdffactory.com

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Date: March 8, 2010

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

Approved as to form:

/s/David R. Chase
David R. Chase, Esq.
Law Firm of David R. Chase
1700 East Las Olas Blvd., Suite 305
Fort Lauderdale, FL 33301
(954) 920-7779

Attorney for Defendant
ANTHONY VASSALLO

PDF created with pdfFactory trial version www.pdffactory.com