FUTTERMAN DUPREE DODD CROLEY MAIER LLP
JAMIE L. DUPREE (158105)
JAIME G. TOUCHSTONE (233187)
180 Sansome Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
jdupree@fddcm.com
jtouchstone@fddcm.com

*Attorneys for Receiver*
Stephen E. Anderson

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*<br><br>v.<br><br>ANTHONY VASSALLO, et al,<br><br>*Defendants.* | Case No. CV 09-000665 LKK-DAD<br><br>**ORDER REGARDING DISPOSITION OF $76,552.79 PAID TO LAND ROVER OF NEWPORT BEACH ON OR ABOUT NOVEMBER 13, 2007 TO ASSIST RECEIVER TO TRACE EIMT FUNDS TRANSFERRED TO JEFF DENNIS FERENTZ AND/OR JEFF DENNIS FERENTZ, INC.**<br><br>Judge Lawrence K. Karlton |

On April 30, 2009, this Court filed the Order Appointing Temporary Receiver for Equity Investment Management and Trading, Inc. ("EIMT") and Order to Show Cause for Appointment of Permanent Receiver ("OAR") and on July 31, 2009, the Court filed an Order permanently appointing Receiver. Pursuant to the OAR, for good cause shown, and in order to empower and authorize the Receiver to carry out his duties and obligations,

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

On November 7, 2007, and November 8, 2007, $2,000,000 of EIMT investor funds were transferred to Jeff Dennis Ferentz (a California attorney) and/or Jeff Dennis Ferentz, Inc. (collectively "Ferentz"), in connection with a "bank sanctioned high yield project funding program."

PDF created with pdfFactory trial version www.pdffactory.com

This Court previously issued orders authorizing banks and financial institutions to assist Receiver in tracing the EIMT investor funds transferred to Ferentz including funds transferred from Jeffrey Dennis Ferentz, Inc. to entities controlled by Mr. Ferentz, including "Nevada Securities Arbitration" (Doc. Nos. 149 and 219), which remain in full force and effect.

Of the $2,000,000 in investor funds transferred by EIMT to Ferentz, $100,000 was transferred to "Nevada Securities Arbitration Services, Inc." on November 13, 2007 "for Vassallo." The same day, check No. 2283 was made payable from that entity to Wells Fargo Bank in the amount of $76,552.79 with the "for" notation of "Land Rover Newport Beach" (the "Land Rover Check"). The Court issued an order on April 15, 2010 (Doc. No. 251) directing the recipient of the Land Rover Check to provide information concerning the disposition of that check, including information concerning the purchase of any vehicle with that check (the "April 15, 2010 Order"). The April 15, 2010 Order remains in full force and effect.

Receiver's investigation has determined that the Land Rover Check was received by Wells Fargo Bank, which in turn issued a cashier's check in the amount of $76,552.79 made payable to Land Rover of Newport Beach dated November 13, 2007 (the "Cashier's Check"). Receiver continues to wish to receive information about the ultimate disposition of the $76,552.79, including information about the purchase of any vehicle. In addition, Receiver is concerned that any vehicle purchased with the Cashier's Check could be transferred or secreted if Land Rover of Newport Beach notifies the purchaser of the vehicle of this Court order in advance of him receiving information about any vehicle purchased and the identity of its owner and for ten (10) days thereafter.

For good cause shown, the Court hereby directs Land Rover of Newport Beach to provide Receiver with information about the disposition of the Cashier's Check, including but not limited to producing documents and information concerning any vehicle purchased with the Cashier's Check. Such documentation and information shall include but is not limited to:

- Purchase information;
- Sales contracts;
- Vehicle Registration; and

PDF created with pdfFactory trial version www.pdffactory.com

1. • Proof and form of payment.

2. The Court hereby further prohibits Land Rover of Newport Beach from notifying the
3. purchaser of any vehicle purchased with the Cashier's Check about the existence of this order
4. and/or its compliance with it until it has supplied Receiver with the responsive information and for
5. ten (10) days thereafter.

6. Land Rover of Newport Beach is hereby further directed to cooperate fully with Receiver
7. in his investigation into the disposition of the Cashier's Check.

8. **IT IS SO ORDERED.**

9.

10. Dated:  April 27, 2010

11.
12.
13. _____
    LAWRENCE K. KARLTON
14. SENIOR JUDGE
    UNITED STATES DISTRICT COURT

PDF created with pdfFactory trial version www.pdffactory.com