IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY VASSALLO, KENNETH KENITZER, and EQUITY INVESTMENT MANAGEMENT AND TRAINING, INC.,<br><br>Defendants.<br>_____ /<br>ARCANUM EQUITY FUND, LLC and VESTIUM MANAGEMENT GROUP, LLC, parties in interest.<br>_____ /<br>MICHAEL CALLAHAN and MATTHEW TUCKER, parties in interest.<br>_____ / | 2:09-cv-0665 LKK DAD<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

By order filed December 11, 2009 (Doc. No. 202), this case was referred to a United States Magistrate Judge pursuant to Local Rule 302(a) for an evidentiary hearing to resolve disputed issues of fact related to the Receiver's motion to order disgorgement of $2.0 million transferred to Michael Callahan and Matthew Tucker (Doc. No. 171).

1

On July 21, 2010, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections were to be filed within twenty-one days after being served with the findings and recommendations. Party-in-interest Callahan filed timely objections to the findings and recommendations, and the Receiver filed a timely reply. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

### A. Specific Findings and Recommendations

Callahan objects to these findings and recommendations on several grounds. First, Callahan objects to several specific findings. Callahan objects to the magistrate judge's finding that he should be held jointly and severally liable for the disgorgement of the $2.0 million. He specifically argues that the magistrate judge did not prove any of the elements of misrepresentation as cited by the court and taken from Agosta v. Astor, 120 Cal. App. 4th 596, 603. See Objection at 5: 19-25; 6-7. Callahan argues that (1) there was no specific misrepresentation ever pled; (2) there was no finding of knowledge of falsity; (3) there was no finding of intent to defraud; (4) there was no finding of justifiable reliance; and (5) EIMT was not injured by Callahan but due to a breach of contract by the exit buyer StoneCrest and Tucker. Id.; 8: 6-8. Callahan further argues that since there was no evidence that he received the $2.0 million, there is no basis for disgorgement. Obj. at 10: 11-16. For the reasons described in the Findings and Recommendations, the court finds these objections to lack merit. See Findings and Recommendations at 12: 12-17; 13: 1-10; 17: 6-7. 17: 19-26; 18: 1-16; 20: 10-24; 21: 10-14.

### B. The Authority of the Magistrate Judge

Callahan contends that the magistrate judge exceeded his authority in conducting the evidentiary hearing. He asserts that the evidentiary hearing was for a "specific and limited purpose, e.g. to resolve issues of fact as to whether the asset at issue was held in constructive

trust." Obj. at 3: 24-25, 4: 1. Callahan's argument is without merit because the court did not merely order the magistrate judge to conclude whether the $2.0 million was held in constructive trust. The purpose of the hearing, as outlined by the court, was to settle several factual disputes in order to determine whether Callahan should be held jointly and severally liable for the entire $2.0 million of fraudulently obtained EIMT assets or whether he should be held liable for only the $125,000 he received as a fee for "facilitating" the transaction at issue. See Order, Doc. No. 202, Dec. 11, 2009, at 5: 15-17; 6: 3-5; 7: 11-16.

The primary factual dispute concerning the court was whether the CMO was ever purchased and if so whether the transaction was legitimate. The second factual dispute, assuming the CMO was never purchased or the transaction was not legitimate, was whether Callahan knew that the statement he made to EIMT concerning the purchase of the CMO were false and whether Callahan intended to defraud EIMT. If Callahan was aware of and involved in the fraudulent scheme being perpetrated by Tucker, he would be a joint tortfeasor; therefore, he would be jointly and severally liable for disgorgement of the full $2.0 million. Both of these factual disputes were addressed in the court's Order, dated Dec. 11, 2009, which referred this matter to the magistrate judge.

Callahan further argues that the scope of the evidentiary hearing was inappropriate because the inquiry should have been limited to whether the CMO was purchased. Obj. at 3: 15-25. This argument is without merit for the reasons discussed above. The court clearly outlined the factual disputes that were relevant to whether Callahan should be held jointly and severally liable for the entire $2.0 million of EIMT funds.

Callahan argues in support of this point that the Receiver already knew that the CMO had been purchased; therefore, additional inquiry into the CMO was not warranted. Obj. at 4: 1-14. However, Callahan again misinterprets the court's order. The purpose of determining whether the CMO was purchased was to assess whether the CMO transaction and Callahan's involvement were legitimate. A bare assertion that the CMO's were purchased does not end the

inquiry; in fact, the magistrate judge found that the purchase of the CMO's in and of itself was suspicious since Tucker purchased them after he claimed to of already had them in his possession. See F&R's at 18, n. 29. Furthermore, this argument (and the language Callahan quotes from the Order to support it) contradicts Callahan's argument that the court ordered the evidentiary hearing solely to determine whether the funds were held in constructive trust. Thus, the court finds that the scope of the evidentiary hearing was appropriate.

### C.     Callahan's Due Process Rights

Callahan's due process arguments are equally without merit. "[F]or the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard." Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd., 205 F.3d 1107, 1113 (9th Cir. 1999). Callahan's due process rights were not infringed by the nature of the summary proceeding.

Callahan specifically argues that the proceeding "lacked fundamental fairness as it presented surprise." Obj. at 2: 22-24. However, this argument is premised on the assumption that the magistrate judge was not authorized by the court to inquire into anything other than whether the assets were held in constructive trust. Therefore, this argument is without merits for the reasons discussed above. Callahan further argues that "what transpired was nothing short of an ambush whereby the rules, scope and intent of the ordered hearing changed without prior notice." Obj. at 10: 2-25.

Callahan contends that he was given no opportunity to conduct discovery nor to present witness on his behalf. Id. He further contends that the allegations against him were "previously unknown or vague." Id. The court finds, for the reasons stated above, that the scope of the evidentiary hearing was appropriate considering the language of the Order referring the matter to the magistrate judge. Therefore, Callahan was given fair notice, in addition to the opportunity to petition the magistrate judge for discovery and the chance to present evidence and witnesses on his behalf.

The purpose of the summary proceeding was not to find Callahan guilty of fraud, neither criminally nor civilly. The purpose of the proceeding was to determine Callahan's liability in a disgorgement proceeding with regard to funds that had been fraudulently obtained by his business partner. He is merely entitled to fair notice of the proceeding and an opportunity to be heard on the matter, which was duly afforded to him by the magistrate judge.

**D.     Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 21, 2010 (Doc. No. 309) are adopted in full;

2. The court finds Michael Callahan jointly and severally liable for the $2 million lost by EIMT/Veritas investors in the failed CMO investment; and

3. Michael Callahan is ordered to disgorge up to $2 million to the Receiver until such time as the EIMT investors are made whole in connection with the failed CMO investment.

DATED: September 28, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT