```
                  UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA


SECURITIES AND EXCHANGE
COMMISSION,
                                    NO. CIV. S-09-0665 LKK/DAD
          Plaintiff,

     v.
                                           O R D E R
ANTHONY VASSALLO, KENNETH
KENITZER, and EQUITY
INVESTMENT MANAGEMENT AND
TRAINING, INC.,

          Defendants.
                                   /
```

On July 31, 2009, this court appointed permanent Receiver to marshal and recover Equity Investment Management and Trading, Inc. ("EIMT") assets. On August 20, 2009, the court established a standard for summary proceedings for the recovery of EIMT assets by the Receiver. On December 11, 2009, the court clarified that it may only grant a motion for disgorgement where material facts are in dispute if the record as a whole could not lead a rational trier of fact to find that the assets are not held in constructive trust for EIMT. Pursuant to this procedure, the Receiver has moved for

1

the disgorgement of a Land Rover from Concettina Ferentz ("Ms. Ferentz"). Ms. Ferentz opposes the motion.

## I. BACKGROUND

This court appointed a Receiver to recover assets of EIMT. These assets are to be distributed to defrauded investors of EIMT. Here, the Receiver moves to disgorge the Land Rover on the grounds that defendant Vasallo transferred EIMT investor funds to Jeff Dennis Ferentz ("Mr. Ferentz"), who is now deceased, a portion of which was ultimately used for the purchase of a Land Rover, that is currently registered in the name of Mr. Ferentz's widow, Ms. Ferentz. Ms. Ferentz contests the disgorgement of the Land Rover, maintaining that the Receiver's argument that the Land Rover is held in constructive trust for the benefit of the EIMT investors is flawed. Specifically, Ferentz claims that no constructive trust exists as to the Land Rover, or, in the alternative, that the trust cannot be extended to her because she had no knowledge of her husband's business activities, including how he purchased the vehicle.

This motion was initially set to be heard on October 12, 2010. Ms. Ferentz failed to timely file an opposition. Rather, at 5:20 p.m. on the business day before the hearing, her counsel filed a declaration requesting a continuance. The court granted a thirteen day continuance, and cautioned Ms. Ferentz that if she failed to file an opposition by 9:00 a.m. on October 18, 2010, the court will consider her failure to timely file as non-opposition to the motion for disgorgement. Ms. Ferentz filed her opposition at 3:56 p.m. on

2

October 18, 2010.

## II. STANDARD

On August 20, 2009, the court issued an order establishing a standard summary proceeding procedure for Receiver's recovery of EIMT's assets. ECF No. 116. This order set forth the procedure for disgorgement claims for these assets. First, the Receiver shall file a noticed motion for disgorgement and serve said motion upon all interested parties. Interested parties may file an opposition brief, in response to which the Receiver may file a reply brief. The order also provides that, "Upon a showing of good cause, the Court may order limited discovery concerning the particular asset."

Additionally, if "the Court determines there is a disputed issue(s) of fact concerning the disgorgement of a particular asset, the Court shall set an evidentiary hearing to resolve the issue(s)." According to this standard, the court may only grant a motion for disgorgement where material facts are in dispute if the record as a whole could not lead a rational trier of fact to find that the assets at issue are not held in constructive trust for EIMT, or more specifically, for the receivership of EIMT assets. This cannot be decided based upon whether an interested party acted in good faith in its communications with the Receiver.[1] When the Receiver cannot meet this burden, the court shall order an evidentiary hearing to resolve any disputed facts.

---

[1] The court notes that the court may consider whether an interested party acted in good faith when determining whether there is good cause for discovery.

3

## III. ANALYSIS

In its motion, the Receiver traced EIMT funds to Mr. Ferentz. He then, demonstrated that some of these funds were used by Mr. Ferentz to purchase the Land Rover at issue for Ms. Ferentz. Ms. Ferentz raises two arguments in opposition to the Recievers' motion. Both are insufficient.

### A.   Whether Ms. Ferentz is Entitled to Discovery

Ms. Ferentz contends that she cannot properly defend herself in this motion without joinder of the Estate of Mr. Ferentz. Ms. Ferentz contends that joinder is necessary for her to mount a defense. Specifically, she argues that Mr. Ferentz may have "a viable claim for consideration for services rendered," and thereby the money used to purchase the Land Rover was not wrongfully appropriated. She highlights that the Joint Venture Agreement between Mr. Ferentz and two other individuals in his group with defendant Vassallo attached to the Receiver's declaration is unsigned. While not ideal, the unsigned agreement does not defeat the Receiver's claim for a constructive trust. Even without the agreement, the Receiver has presented evidence, that is unchallenged by Ms. Ferentz, that Vassallo transferred two million dollars to Mr. Ferentz and that Mr. Ferentz then used part of that money to purchase the Land Rover. The Receiver has not sought discovery from Mr. Ferentz's law office of his billing statements and other materials relating to his acquisition of EIMT funds because he has determined that the bank statements demonstrate that Mr. Ferentz did not invest the

4

money on behalf of EIMT, but rather immediately distributed the money into numerous accounts, from which personal expenses were drawn.

The question of whether Mr. Ferentz did not wrongfully appropriate the funds, however, is far more difficult. Resolution would require the court to determine whether the record as a whole could not lead a rational trier of fact to find that Land Rover is not held in constructive trust for EIMT. Ms. Ferentz has not presented any evidence in support of this contention. Under the terms of the summary proceedings order, Ms. Ferentz could be entitled to discovery on this issue only if she demonstrates good cause. Further, when considering whether Ms. Ferentz has demonstrated good cause, the court may consider whether she has acted in good faith.

Here, Ms. Ferentz's counsel was in communication with counsel for the Receiver for at least four months. During this time, the Receiver made its intention to recover the Land Rover on behalf of the EIMT investors. At no time did Ms. Ferentz contend that Mr. Ferentz did not wrongfully appropriate the funds used to purchase the vehicle. Nor did she argue that the Receiver must discover these records from Mr. Ferentz's law firm to determine whether a constructive trust is in effect. Further, the actions of Ms. Ferentz's counsel before this court appear to consist of delay tactics. First, his very late-filed request for a continuance did not demonstrate good cause for his failure to timely apply for admission to the Eastern District of California

5

or inability to find local counsel who could appear on his behalf. Second, despite this court's explicit instruction for Ms. Ferentz to file her opposition by 9:00 a.m. on October 18, 2010, she nonetheless filed her opposition nearly seven hours late. This conduct may well suggest that Ms. Ferentz is not acting in good faith, but rather seeking to further delay disgorgement of the Land Rover.

Moreover, even if Ms. Ferentz is acting in good faith, she has failed to demonstrate good cause for the discovery she seeks. The Receiver has demonstrated, and Ms. Ferentz does not challenge, that Vassallo transferred $2 million of EIMT funds to Mr. Ferentz. Mr. Ferentz then distributed this money into several bank accounts from which he and others paid their own personal expenses, including the purchase of the Land Rover. Mr. Ferentz's business records cannot change these facts. It is inconceivable that Mr. Ferentz invested the $2 million on behalf of EIMT investors when he used some of the funds to make personal purchases. Thus, Ms. Ferentz is not entitled to discovery on this issue.

**B.    Whether a Constructive Trust Exists**

Second, Ms. Ferentz contends a constructive trust does not extend to the Land Rover because she lacks knowledge of her former husband's allegedly wrongful activity. Ms. Ferentz, however, does not argue that she purchased the vehicle for value. Rather, she testified that she registered, insured, and maintained the Land Rover after Mr. Ferentz's death.

6

> [W]here property has been obtained by fraud, a court in equity "has jurisdiction to reach the property either in the hands of the original wrong-doer, or in the hands of any subsequent holder" and to convey that property to "the one who is truly and equitably entitled to the same." <u>Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.</u>, 530 U.S. 238, 251 (2000) (quoting <u>Moore v. Crawford</u>, 130 U.S. 122, 128 (1889)). "Importantly, that a transferee was not 'the original wrongdoer' does not insulate him from liability for restitution." <u>Id.</u> If, however, an innocent third-party transferee purchases ill-gotten assets **for value**, in good faith, and without actual or constructive notice of the wrongdoing, the third-party transferee cannot be held liable for restitution and the assets are not the proper subject of a constructive trust. <u>Id.</u> Known as the bona fide **purchaser** rule, this exception grants an innocent transferee a higher right to the obtained assets than the victim of the original fraud.

<u>F.T.C. v. Network Servs. Depot, Inc.</u>, 617 F.3d 1127, 1142 (9th Cir. 2010) (emphasis added). Here, the vehicle was in constructive trust because it was purchased with wrongfully obtained EIMT funds. Ms. Ferentz is not a bona fide purchaser because she has not demonstrated that she purchased the vehicle for value. Thus, this argument does not preclude disgorgement of the Land Rover.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Receiver's Motion to Disgorge, ECF No. 334, and hereby ORDERS that Ms. Ferentz disgorge the Land Rover to the Receiver within twenty (20) days of the issuance of this order.

IT IS SO ORDERED.

DATED: October 26, 2010.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT