UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

ANTHONY VASSALLO, KENNETH KENITZER, and EQUITY INVESTMENT MANAGEMENT AND TRAINING, INC.,

    Defendants.

                                /

NO. CIV. S-09-0665 LKK/DAD

O R D E R

On October 25, 2010, the court heard the Receiver's motion to disgorge a vehicle from real party in interest Concettina Ferentz ("Ferentz"). At the hearing, the court considered allowing Ferentz to seek limited discovery from the Receiver. Mainly, the court asked counsel for Ferentz whether five interrogatory requests would adequately address his client's concerns. The court also asked counsel for the Receiver several questions concerning the arguments raised in Ferentz's opposition to the motion to disgorge. The court did not make any rulings from the bench.

1

1  Upon further reflection, on October 26, 2010, the court
2 granted the Receiver's motion and ordered Ferentz to disgorge the
3 vehicle within twenty days. Specifically, the court found that
4 there was significant evidence that Ferentz was not acting in good
5 faith, but rather attempting to delay disgorgement of the vehicle.
6 Nonetheless, the court reasoned that even if Ferentz was acting in
7 good faith, she has not demonstrated good cause for discovery.

8  On November 1, 2010, Ferentz filed an ex parte request for
9 clarification or reconsideration of this court's October 26, 2010
10 order. Specifically, counsel for Ferentz testified that it was his
11 understanding that the court intended to allow Ferentz to serve
12 five interrogatory requests upon the Receiver. He further argued
13 that he and Ferentz acted in good faith, and attempted to explain
14 the conduct discussed in the order. Ferentz did not raise any
15 arguments as to this court's conclusion that even if Ferentz acted
16 in good faith, she has nonetheless failed to demonstrate good cause
17 for limited discovery.

18  To the extent that Ferentz is seeking clarification of this
19 court's prior order, the court reiterates that it considered
20 several options at the hearing on the motion to disgorge.
21 Ultimately, it determined that Ferentz did not demonstrate good
22 cause for discovery, and ordered that Ferentz to disgorge the
23 vehicle within twenty days. Comments and questions raised at a
24 hearing are not orders of the court.

25  Ferentz also appears to be seeking reconsideration of the
26 court's order. As discussed above, Ferentz has again failed to

2

1  demonstrate that she has good cause for limited discovery.
2  Accordingly, she has not demonstrated any grounds to reconsider the
3  order.
4      For the foregoing reasons, the court ORDERS that Ferentz's ex
5  parte requests for clarification or reconsideration, ECF No. 367,
6  is DENIED. Ferentz shall disgorge the Land Rover to the Receiver
7  by November 15, 2010.
8      IT IS SO ORDERED.
9      DATED:  November 2, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT