UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

          NO. CIV. S-09-0665 LKK/DAD

    Plaintiff,

  v.

          O R D E R

ANTHONY VASSALLO, KENNETH
KENITZER, and EQUITY
INVESTMENT MANAGEMENT AND
TRAINING, INC.,

    Defendants.
_____/

    The Receiver in this Securities and Exchange Commission ("SEC") enforcement action has submitted a letter (not a noticed motion), asking the court to "issue an order directing [Kyle Wunderli, a person in bankruptcy] to provide the Receiver a full accounting of the funds he received from Equity/Investment Management and Training, Inc. ("EIMT"). The Receiver makes this letter request "pursuant to the expedited procedure authorized by the Court's order of June 5, 2009."

    The June 5, 2009 order, however, applies only to

1

"consideration and resolution of Receiver's applications regarding **receivership administration** issues." Dkt. No. 83 at 2 (emphasis added). Receivership administration issues include permitting the Receiver to open bank accounts[1] and engage attorneys,[2] approving interim Receiver reports,[3] granting the Receiver fees and costs,[4] and the like.

The order the Receiver is requesting in this case is substantive. The Receiver's letter asks the court to make a finding that Wunderli – a non-party in bankruptcy – put $500,000 into the EIMT, and that he received $1.5 million in "phony" profits out of it. The letter asks that the court issue an order compelling Wunderli "to provide to Receiver a full investor accounting of the funds he received from EIMT." The Receiver wants this information because Wunderli claims that he paid out the $1.5 million to certain investors, and the Receiver wants to proceed against those investors. These requests are a part of the substantive process of marshaling the assets of the company in receivership, and they are predicate to seeking disgorgement

////

---

[1] E.g. Dkt. No. 94 (Order Permitting Receiver to open account).

[2] E.g., Dkt. Nos. 134 (Order Authorizing Receiver to engage attorneys); 217 (same); and 429 (same).

[3] E.g., Dkt. Nos. 200 (Order Approving Receiver's report); 389 (same); and 411 (same).

[4] E.g., Dkt. No. 201 (Order Granting Receiver's application for fees and costs); and 412 (same).

from Wunderli's non-party investors.[5]

But there is a procedure for marshaling EIMT's assets and for issuing orders to non-parties. On August 20, 2009, the court issued an order establishing a summary procedure for the Receiver's "Pursuit of [EIMT's] assets." Dkt. No. 116. That order was issued in order "to marshal and recover EIMT assets in an expeditious and cost-effective manner." That is the procedure that applies, and it calls for notice and an opportunity to be heard.

It is this notice and opportunity to be heard that justifies the use of the summary procedure in the first place. In upholding the use of this type of summary proceeding, the Ninth Circuit has relied on the fact that the district courts have afforded the non-party from whom disgorgement is sought, substantially all of the procedural and evidentiary protections that would be provided in a plenary proceeding. See CFTC v. Topworth Intern., Ltd., 205 F.3d 1107, 1113 (9th Cir. 1999) ("for the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be

---

[5] The Receiver argues that the law permits him to pursue discovery against Wunderli despite his proceeding in bankruptcy, so long as he is only looking for assets from third parties, citing Groner v. Miller (In re Miller), 262 B.R. 499 (9th Cir. BAP 2001). The Receiver may well be correct about that, but he is not only seeking discovery from Wunderli. He is also asking for an adjudication (without notice or an opportunity to be heard), that Wunderli, the bankrupt, "transferred $500,000 to EIMT to be traded using the" EIMT scam, and that Wunderli "received payments from EIMT in the amount of $1,524,712.44." And, the Receiver does not provide the court with any evidence in support of this assertion. Instead, the Receiver asserts only that he "has been working diligently to locate and marshal assets" of EIMT.

heard"); SEC v. Vassallo, 2010 WL 3835729 at *2 (E.D. Cal. September 29, 2010) (Karlton, J.) (unpublished) (citing Topworth).[6]

Going forward, the Receiver shall not be permitted to use the June 5, 2009 procedure to obtain orders outside the administration of the receivership. In this case, the Receiver wants an accounting from a non-party. The Receiver should use the summary procedures set forth in the August 20, 2009 order.

For the foregoing reasons:

(1) The Receiver's letter request (Dkt. No. 430) for an accounting from Kyle Wunderli is **DENIED** without prejudice to its renewal pursuant to the August 20, 2009 summary procedures; and

(2) Going forward, the Receiver shall not use the June 5, 2009 letter procedure for matters outside the administration of the receivership. "Administration" matters subject to the June 5, 2009 Order include the opening and closing of bank accounts, the engagement of attorneys, submissions of Receiver reports, requests for granting Receiver fees and costs, and the like. Matters that relate to identifying and marshaling the assets of EIMT, are

---

[6] The Ninth Circuit has recognized "a truncated form of process vis-a-vis 'a non-party depository as a nominal defendant to effect full relief in the marshaling of assets that are the fruit of the underlying fraud.'" SEC v. Ross, 504 F.3d 1130, 1141 (9th Cir. 2007); SEC v. Wencke, 783 F.2d 829 (9th Cir.) (confirming the district court's authority to use summary disgorgement proceedings, initiated by the receiver, to marshal investor assets – namely, defrauded investor funds – in the hands of non-parties), cert. denied sub nom. DeLusignan v. Gould, 479 U.S. 818 (1986); SEC v. Colello, 139 F.3d 674 (9th Cir. 1998) (authorizing SEC recovery of defrauded investor funds from non-culpable "nominal defendants").

4

1 subject to the summary procedures order of August 20, 2009.  Such
2 matters include requests for disgorgement, requests for orders
3 compelling action by non-parties (or parties), and requests for
4 accountings, disclosures of financial records, and the like.
5 　　　　IT IS SO ORDERED.
6 　　　　DATED:  October 25, 2011.

```
                    _____
                    LAWRENCE K. KARLTON
                    SENIOR JUDGE
                    UNITED STATES DISTRICT COURT
```