UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY VASSALLO, KENNETH KENITZER, and EQUITY INVESTMENT MANAGEMENT AND TRAINING, INC.,<br><br>　　　　　Defendants. | No. CIV. S-09-0665 LKK/DAD<br><br><br>**ORDER** |

　　This matter came on for argument today on the Receiver's un-opposed motion for an order of disgorgement against defendant Anthony Vassallo.  This court will not issue an order that is outside of its authority, even if the motion seeking the order is un-opposed, and even if the order appears to the Receiver to be necessary to bring Vassallo to full justice.  Accordingly, the Receiver shall, within fourteen (14) days of the date of this order, file a brief not to exceed twenty (20) pages, addressing

1

the following issues:[1]

1. Would a disgorgement order against Vassallo in this civil securities fraud case conflict with the restitution order issued in the criminal case against him for mail and wire fraud and money laundering?

2. Can the receiver use the court's summary procedure to seek disgorgement against Vassallo on the grounds that he violated the federal securities laws, notwithstanding SEC v. Ross:

> In sum, given that the Receiver alleged that Bustos himself had violated the securities laws … the Receiver could not style Bustos as a nominal defendant <u>or employ summary proceedings against him</u>.

504 F.3d 1130, 1144 (9th Cir. 2007) (emphasis added). The court notes that in all of the Receiver's prior requests for disgorgement, the allegations were <u>solely</u> that the recipient of the funds had received assets of defendant Equity Investment Management and Trading, Inc. ("EIMT"), and had no legitimate claim to them.  The court further notes that while counsel at oral argument asserted that the government concurs in the motion, there is nothing in the motion papers asserting this, or explaining why the Securities and Exchange Commission has not sought, or at least joined in this motion for, disgorgement.

3. What evidence is now before the court showing that the $43 million sought to be disgorged are assets of EIMT to which Vassallo has no legitimate claim, rather than being assets of the

---

[1] If the Securities and Exchange Commission or Vassallo wish to submit briefs on these issues, they may do so, with the same constraints, without seeking leave of this court.

1  defrauded investors?  The court notes that the order appointing
2  the Receiver authorizes him to marshal the assets of EIMT, not to
3  directly marshal the assets of defrauded investors.
4       4.   How does the collateral estoppel discussed in Richey v.
5  IRS, 9 F.3d 1407 (9th Cir. 1997), apply here, where this civil
6  case involves fraud in the offer and sale of "securities" and
7  fraud by an "investment adviser" (each of which is an essential
8  element of its respective claim), and the criminal case involves
9  mail and wire fraud, and money laundering?  The court notes that
10 the criminal indictment does not appear to allege that Vassallo
11 was engaged in the fraudulent offer or sale of securities, or
12 that he was an investment adviser, nor does Vassallo's conviction
13 include those elements.
14      IT IS SO ORDERED.
15      DATED:  November 4, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3