JINA L. CHOI (NY Bar No. 2699718)
MICHAEL S. DICKE (Cal. Bar No. 158187)
LLOYD A. FARNHAM (Cal. Bar No. 202231)
  farnhaml@sec.gov
MONIQUE C. WINKLER (Cal. Bar. No 213031)
  winklerm@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone: (415) 705-2500
Facsimile:   (415) 705-2501

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ANTHONY VASSALLO, et al.<br><br>                    Defendants. | Case No.  2:09-CV-00665-LKK-DAD<br><br>[AMENDED]<br>FINAL JUDGMENT<br>AGAINST KENNETH KENITZER |

        This matter came on for hearing on the motion of plaintiff Securities and Exchange

Commission ("Commission") for issuance of a final judgment against defendant Kenneth

Kenitzer.  Having considered the papers and argument submitted in support of the motion,

there being no opposition, the Commission's motion is hereby GRANTED, as follows:

I.

        IT IS ORDERED THAT Kenitzer and his agents, servants, employees, attorneys, and

those persons in active concert or participation with any of them, who receive actual notice of

this Judgment, by personal service or otherwise, and each of them, are permanently restrained

and enjoined from, in the offer or sale of any securities, by the use of any means or

instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

> A.   employing any device, scheme, or artifice to defraud; or

> B.   obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

> C.   engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

## II.

IT IS FURTHER ORDERED THAT Kenitzer and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

> A.   employing any device, scheme, or artifice to defraud;

> B.   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

> C.   engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Kenitzer shall pay disgorgement of his ill-gotten gains in the amount of $43,288,725.08 plus prejudgment interest of $874,048.92, for a total of $44,162,774.00.  Defendant shall satisfy this obligation by paying $44,162,774.00 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kenneth Kenitzer as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a

plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Defendant is also subject to a restitution order of $43,288,725.08 in a separate criminal proceeding, *U.S. v. Kenitzer*, 2:09-cr-00459-GEB (E.D. Cal.).  All payments the Defendant makes pursuant to that restitution order will be credited against his disgorgement obligation under this Final Judgment.  In addition, all payments made by Defendant Anthony Vassallo, either pursuant to any order of disgorgement arising from this action or pursuant to the restitution order in the criminal proceeding *U.S. v. Vassallo*, 2:09-cr-00179-GEB (E.D. Cal.), will be credited against Kenitzer's disgorgement obligation under this Final Judgment.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $390,000 to the Securities and Exchange Commission pursuant to 15 U.S.C. § 77t(d)(2) (Securities Act) and 15 U.S.C. § 78u(d) (Exchange Act). Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kenneth Kenitzer as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Kenneth Kenitzer to Judgment of Permanent Injunction and Other Relief (Docket No. 127) is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Date: July 8, 2014

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT