1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   SECURITIES AND EXCHANGE                No. CIV. S-09-0665 LKK/DAD
     COMMISSION,
12
                  Plaintiff,
13                                           **ORDER**

14        v.

15   ANTHONY VASSALLO, KENNETH
     KENITZER, and EQUITY
     INVESTMENT MANAGEMENT AND
16   TRAINING, INC.,

17                Defendants.

18

19        The court has determined that this motion can be decided on

20   the papers already submitted, and accordingly **VACATES** the hearing

21   on this matter scheduled for July 28, 2014.

22        On November 6, 2009, the Receiver for defendant Equity

23   Investor Management and Training, Inc. ("EIMT"), instituted a

24   summary proceeding against Michael Callahan, a non-party, seeking

25   an order requiring Callahan to disgorge $2 million in defrauded

26   investor funds.[1]  See ECF NO. 171.

27   _____

     [1] A non-party, known as a "nominal defendant" or "relief
28   defendant," may be held liable for disgorgement of such funds,

                                        1

Callahan objected that there was an insufficient evidentiary basis for the order.  The court accordingly referred the matter to a Magistrate Judge for an evidentiary hearing.  The evidentiary hearing was held on March 29-30, 2010.  On July 21, 2010, the Magistrate Judge filed his Findings and Recommendations, concluding that Callahan should be held jointly and severally liable for the $2 million, and that an order of disgorgement should issue in that amount.  See ECF No. 309.

On August 11, 2010, Callahan filed his objections to the Findings and Recommendations.  See ECF No. 319.  Callahan argued that (1) the court's own standard ordering disgorgement was not met, (2) the evidentiary hearing was not what this court ordered, (3) the hearing violated Callahan's Due Process rights, (4) there was no basis for joint and several liability, (5A) the Magistrate Judge's findings were unsupported by the evidence, (5B) the Magistrate Judge acted beyond the authority assigned him by this court, (6) there was no evidence that Callahan received $2 million, (7A) there was no basis for a finding of liability, (7B) the findings and/or the proceedings were procedurally incorrect, and (8) the Tucker declaration was improperly rejected.  See ECF No. 319.

On September 29, 2010, this court filed its order which considered and rejected Callahan's objections.  See ECF No. 347. The court adopted the findings and recommendations in full, found

---

when he is possession of the funds and "has no legitimate claim" to them.  See SEC v. Colello, 139 F.3d 674 (9th Cir. 1998). Moreover, summary proceedings are authorized for such matters. See SEC v. Wencke, 783 F.2d 829, 836 (9th Cir. 1986), cert. denied, 479 U.S. 818 (1986).

1  Callahan jointly and severally liable for the $2 million and

2  ordered him to disgorge that amount.  Id.

3      Callahan did not at that time seek reconsideration of, nor

4  relief from, this court's order.  Moreover, Callahan did not

5  appeal the court's order, nor did he request the entry of a final

6  judgment, if he believed the order was not otherwise appealable.

7  See Fed. R. Civ. P. 54(b) (permitting entry of a final judgment

8  as to one or more of multiple parties or claims).  Now, nearly

9  four years later, he seeks relief from the court's order.

10      Although Callahan, proceeding pro se, does not cite any rule

11  or statute as the basis for his motion, his request is controlled

12  by Fed. R. Civ. P. 60(b) & (c), governing requests for relief

13  from final judgments, orders or proceedings.  Rule 60(b) motions

14  "must be made within a reasonable time."  Rule 60(c)(1).[2]  The

15  motion must also demonstrate the existence of "new or different

16  facts or circumstances … which did not exist or were not shown"

17  at the time of the disgorgement order.  E.D. Cal. R. 230(j);

18  Brodheim v. Dickinson, 2014 WL 897084 at *1 (E.D. Cal. 2014)

19  (Karlton, J.) ("The rule derives from the 'law of the case'

20  doctrine which provides that the decisions on legal issues made

21  in a case 'should be followed unless there is substantially

22  different evidence, … new controlling authority, or the prior

23  decision was clearly erroneous and would result in injustice'")

24  (quoting Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391,

25

26  [2] If the basis for reconsideration is "mistake," "newly
   discovered evidence" or "fraud," the request must be made "no

27  more than a year after the entry of the judgment or order or the
   date of the proceeding."  Rule 60(c)(1).

28

1  392 (9th Cir. 1981)).

2      Callahan's current motion contains several arguments, all of
3  which were, or years ago could have been, argued to the
4  Magistrate Judge, included in Callahan's Objections filed with
5  this court, or argued to this court on a timely motion for
6  reconsideration.  Callahan does claim that he has two pieces of
7  "new evidence" that justify reconsideration.  ECF No. 501
8  at 52-54.

9      First, Callahan points to the "new" Declaration of Matthew
10  Tucker.  See ECF No. 501 at 65-67.  However, this declaration is
11  nearly identical to the Tucker Declaration filed in support of
12  Callahan's objections four years ago.  See ECF No. 319 at 14-17.
13  Callahan does not identify any of the differences between these
14  declarations, nor explain why they justify reconsideration.  The
15  court's examination of the two does not reveal any new evidence
16  justifying reconsideration.

17      Second, Callahan asserts that he now has evidence that
18  Tucker received $1.875 million of the $2 million transferred from
19  EIMT.  However, the Magistrate Judge and this court were aware of
20  this assertion.  The Magistrate Judge found, and this court
21  agreed, that even assuming the truth of the assertion, Callahan
22  was a "joint tortfeasor" with Tucker, and therefore "jointly and
23  severally" liable with Tucker for the entire $2 million,
24  regardless of which of them physically received the money.  See
25  ECF No. 309 at ¶ 16.

26      There being no new evidence or other basis for
27  reconsideration, Callahan's egregiously belated motion for
28  reconsideration or relief from the 2010 order of this court (ECF

4

1   No. 501), is **DENIED**.

2           **IT IS SO ORDERED.**

3           DATED:   July 21, 2014.

4

5

6

7

8                              LAWRENCE K. KARLTON
                               SENIOR JUDGE
9                              UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                               5