FUTTERMAN DUPREE DODD CROLEY MAIER LLP
JAMIE L. DUPREE (158105)
JAIME G. TOUCHSTONE (233187)
180 Sansome Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
jdupree@fddcm.com
jtouchstone@fddcm.com

*Attorneys for Receiver*
Stephen E. Anderson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO

| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 09-000665 JAM-DAD |
|---|---|
| Plaintiff | AMENDED [~~PROPOSED~~] *JAM* ORDER APPROVING RECEIVER'S EQUITABLE DISTRIBUTION PLAN |
| v. | |
| ANTHONY VASSALLO, et al, | Date:      June 3, 2015 |
| | Time:      9:30 a.m. |
| *Defendants.* | Courtroom: 6, 14th Floor |
| | Judge:     Hon. John A. Mendez |

Receiver Stephen E. Anderson's ("Receiver") Motion for Approval of his Equitable Distribution Plan ("Motion") came on regularly for hearing on ~~May 20,~~ June 3, 2015, at 9:30 a.m. in Courtroom 6 of the above-entitled Court, located at 501 I Street, Sacramento, California 95814, with counsel appearing on behalf of Receiver;

Having reviewed the papers, having considered the argument of counsel, and FOR GOOD CAUSE SHOWN, the Court hereby finds and orders as follows:

Adequate and proper notice of this hearing was provided to Equity Investment Management & Trading ("EIMT") investors, creditors and other interested parties.

EIMT obtained the funds invested by its investors by fraud by promising substantial returns on investment when it had no legitimate profit-generating business and was instead operating a Ponzi-scheme through which funds received from subsequent investors were used to pay early investors.

Receiver conducted a detailed investigation and accounting concerning EIMT's finances and engaged in substantial efforts to recover EIMT assets.

Receiver sent surveys to all EIMT investors for which he had current addresses and also posted the survey to the receivership website. Investors were warned that they could be excluded from participating in a proposed distribution plan if they did not return completed surveys in a timely manner. Leave to file a late-submitted survey was routinely granted. Receiver also mailed out additional copies of the survey upon request or upon notification of a change in an investor's address.

There were 515 investments into EIMT from 400 individuals and/or entities. The total amount invested by investors was $111,547,588.17, but not all of this money made its way to EIMT. Only $89,108,758.41 of the $111,547,588.17 was transferred to EIMT by the fund managers. Of that $89,108,758.41, $59,485,870.78 was returned to the fund managers for distribution to investors for a deficit of $29,622,887.63. Investor losses are actually greater since many people received back more than they invested and/or more than their adjusted basis in EIMT.

Receiver has collected $3,371,148.07 including interest and dividend income net of outstanding obligations since the inception of the Receivership. Paid receivership fees and expenses to date (including fees approved through August 31, 2014) are $1,783,031.33. As of March 31, 2015, there was $1,281,166.27 on deposit in the receivership's accounts after payment of previously approved receivership expenses and fees and other costs of the receivership. The receivership will incur additional expenses in wrapping up the receivership estate.

Of the $1,281,166.27 in funds on deposit, $1,150,000 shall be distributed to the EIMT investors, with $131,166.27 reserved for payment of the receivership's final costs and expenses, such costs and expenses to be approved by the Court.

Not all of EIMT's investors qualify to participate in the distribution plan. Investors had to have returned their completed investor survey to Receiver. Individual investors with multiple EIMT investments were treated in a collective manner for purposes of distribution. Investors who received money back from EIMT in excess of the amount they contributed are excluded

from participating.

An equitable distribution plan required that Receiver analyze the percentage of funds invested by each investor that can be attributed to the actual investment made in EIMT, performed on a fund basis. Receiver applied this analysis to each of the funds and each investor in each fund, therefore creating an adjusted EIMT basis for each of the investors.

Subsequent to the filing of Receiver's Motion, Receiver was contacted by certain EIMT investors concerning his equitable distribution plan. Receiver promptly and thoroughly responded to all investor inquiries and revised his distribution calculations where appropriate.

Receiver shall distribute $1,150,000 9am to those 111 investors who submitted an investor survey and were not otherwise disqualified from participating in the plan. Investors to receive a distribution are those who received less than 4.81% of their adjusted basis as withdrawals from EIMT; the amount to be distributed will be the amount necessary to achieve a return of 4.81% of the investor's adjusted basis as set forth in Exhibit C to the Reply Declaration of Stephen E. Anderson filed in support of the Motion. Those investors already receiving more than a 4.81% return of principal will not receive a distribution.

The methodology followed by Receiver in creating the distribution plan as set forth in his motion papers is fair and equitable to EIMT investors and is in the best interest of the receivership estate. Therefore, Receiver's distribution plan is hereby approved.

Receiver is hereby directed to disburse the $1,150,000 in funds in conformity with the approved distribution plan using the method described in his moving papers.

**IT IS SO ORDERED.**

Dated: June 3, 2015    By: _____
The Honorable John A. Mendez
Judge of the United States District Court